[No. 25503-4-III.   Division Three.   March 3, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. HOA VAN TRAN, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Timothy E. Dickerson, Deputy*, for respondent.

¶1 SWEENEY, J. — A defendant has a fundamental constitutional right to appeal. *City of Seattle v. Klein*, 161 Wn.2d 554, 565, 166 P.3d 1149 (2007). The fugitive disentitlement doctrine presumes that a defendant who appeals a conviction and flees the court's jurisdiction waives his right to pursue that appeal. *Id.* at 559. This doctrine, however, cannot deprive a defendant of his right to appeal. *Id.* at 567. A defendant can lose that right only when the State shows that he voluntarily, knowingly, and intelligently waived the right. *Id.* at 560. A defendant knowingly waives the right when the court notifies him that certain proscribed conduct could cause him to lose it. *Id.* at 566-67. The defendant here was not warned that his failure to timely report to jail might result in the loss of his right to appeal. He, therefore, did not knowingly waive the right. Accordingly, we reinstate his appeal.

## FACTS

¶2 Hoa Van Tran was convicted of two counts of unlawful delivery of a controlled substance on September 19, 2006. He appealed the convictions the same day.

¶3 The trial court ordered Mr. Tran to report to jail by noon on October 3, 2006, to begin serving his sentence of 36 months and 1 day. Mr. Tran did not report to jail as ordered. Nothing in this record, however, shows that the court told Mr. Tran that his failure to report to jail as ordered could waive his right to appeal his convictions.

¶4 The State moved to dismiss Mr. Tran's appeal on the ground that Mr. Tran waived his right to pursue his appeal by fleeing the court's jurisdiction. We agreed to dismiss the appeal unless Mr. Tran reported to jail by December 29, 2006. Mr. Tran did not report to jail until January 9, 2007.

¶5 We finalized our decision to dismiss Mr. Tran's appeal on February 14, 2007. Mr. Tran moved to recall the mandate on March 13, 2007. And we granted his motion. We, however, denied his subsequent motion to modify our decision to dismiss his appeal.

¶6 Mr. Tran then petitioned to our state Supreme Court for discretionary review. The Supreme Court granted the petition and then remanded this case to us for reconsideration in light of *Klein*, 161 Wn.2d 554.

## DISCUSSION

■ ¶7 The judicially created fugitive disentitlement doctrine presumes that a defendant who appeals a conviction and then flees the court's jurisdiction waives his right to pursue that appeal. *Id.* at 559, 566.

¶8 Our state Supreme Court, however, has rejected this doctrine "insofar as it purports to substitute involuntary forfeiture for the well-established waiver principles." *Id.* at 556.

¶9 The Washington Constitution expressly guarantees a defendant the right to appeal a criminal conviction. *Id.* at 565 (citing WASH CONST. art. I, § 22). A defendant waives this right only when the State proves the defendant did so voluntarily, knowingly, and intelligently. *Id.* at 561. A defendant does not knowingly waive his right to appeal by failing to appear pursuant to a court order when the court has not notified the defendant that such conduct may cause him to lose the right. *Id.* Proof of notice is essential to prove a knowing waiver of a right to appeal. *Id.* at 566-67.

¶10 Mr. Tran argues, and the State concedes, that he never voluntarily waived his right to appeal. Indeed, the record here shows the trial court did not warn Mr. Tran that he would waive his right to appeal by failing to report to jail on time. Mr. Tran, then, had no reason to know that his failure to report to jail on October 3, 2006, would cause his appeal to be dismissed. He, therefore, did not knowingly waive his right to appeal. *Id.*

¶11 We grant Mr. Tran's motion to modify our decision dismissing his appeal and reinstate his appeal.

SCHULTHEIS, C.J., and KULIK, J., concur.